May it please the Court, my name is Gail Coleman. I represent the EEOC as appellant. I'd like to reserve five minutes of my time for rebuttal. Very well. Keep an eye on the clock when it runs down to five minutes stop. Okay. Okay. GNLV concedes that the District Court erred by dismissing the EEOC's individual claims as moot. Nevertheless, GNLV is urging this Court to consider the individual claims as moot. The EEOC has provided sufficient evidence to survive summary judgment. If this Court does decide to go through the record, we would request that the Court deny summary judgment and remand the claims with instructions that they go to trial. We do recognize that the record in this case is over 5,000 pages. And if this Court feels that it would be more appropriate for the District Court to go through it in the first instance, then we would ask you to remand the individual claims with an individual claim. Let me ask, rather than having us root through the record, before the District Court was there, were there citations that were called to the attention of the District Court that would answer the question? Or would that have to be done if we grant you relief and remand it for further proceedings? There was full briefing on the individual claims with facts cited and attached. The individual briefing alone consisted of more than 1,000 pages. It's the EEOC's position that all of the briefing relates to the individual claims, because even the stuff that looks more like pattern or practice evidence provides a background and a context in which the claimants were perceiving and understanding the harassment that they were experiencing and also whether it would have been reasonable for them to complain about it or not complain about it. With respect to the second issue in this case, the District Court abused its discretion in excluding the EEOC's last four named claimants. All of the reasons that GNLV has offered in support of this exclusion are flawed. We do recognize that a District Court has discretion to exclude claimants named on the eve of trial, but that is not what happened in this case. Notwithstanding GNLV's arguments, there has been no unfair surprise here. From the very beginning, this class, the nature of this claim has been a class claim of sexual and racial harassment. Well, didn't the, I think this is Judge Leen's order, didn't the District Court express concern over the fact that the matter had been under investigation by the Commission for five years and that there were thousands of former employees who were potentially claimants in the case that had to be contacted and identified and so on? And essentially, as I understand, her concern was that by coming up with four names with, what, 90 days left before the close of discovery, that that was simply untimely. Why is that an abuse of discretion? A number of reasons. First of all, there was sufficient time to depose four people. There were two and a half months. But isn't it more than just depositions? I mean, as I understood the District Court's concern, yes, you can take the deposition of a claimant, which is akin to a party, but then that might require further discovery, including depositions of other witnesses who are identified in the claimant's testimony in order to fully flesh out the facts surrounding that particular claimant's claim. In this case, that appears not to have been the case, because, in fact, GNLV actually did depose all four of these claimants and did rely on the evidence from those depositions in their subsequent motions for summary judgment. So the really, it's hard to understand the argument. But your position is that there isn't, that there's going to have to be a trial because there are too many contested issues of fact in that record as it exists today, right? Yes. And the problem that we can't ascertain is whether or not if the District Court was right and the casino had had more time to conduct discovery on those four claimants, they might have been able to disprove or show that there really weren't contested issues of fact as to those four. The vast majority of discovery in this case had already happened. Up until really after the claimants were dismissed, this was still being considered a pattern of practice case. So the vast majority of discovery was aiming at what was going on generally in the casino, what were people aware of in the casino, what was happening. I mean, were supervisors noticing that people were being harassed? Were they stopping it? A general background context. And then the individual claimants would have their particular scenario that would have fit into that somehow. Well, there were, as I understand it, extensions of discovery sought, but there was never an extension sought for the deadline to name additional parties. Is that correct? That's correct. All right. So again, why would it be an abuse of discretion if that deadline had passed for the District Court to say, you've identified all the claimants or parties that we're going to have a trial over? Because claimants are not parties. Unlike parties, claimants cannot determine litigation strategy of the EEOC, cannot determine settlement positions. Only the EEOC is the plaintiff in this case. But the District Court's concern was that they do drive liability and damages. And in that respect, they aren't really any different from a party, are they? They are, in this case, a human being, but an entity before the court seeking to establish liability and damages for wrongs. If these claimants had come in as interveners, which would mean they were parties, they could have added state claims that would arise from the same facts. And those state claims could have provided for damages far more than Title VII provides for. But that doesn't undercut the District Court's rationale that there would be additional liability or exposure to the casino if we add these late filed for. Compared to what the casino is expecting at the outset of this litigation, when our and similarly situated individuals, the fact that the EEOC ended up with a class of only ten people leaves them at the end with a potential liability that is far, far less than they expected at the outset of this litigation. At whatever point in this litigation the EEOC would have named these four claimants, the liability would have been the same. That doesn't change because we named them two and a half months before the end of discovery. But the District Court is concerned about additional damages, you know, monetary exposure. But that monetary exposure was there from the beginning of the case. At the beginning of the case, we knew that GNLV had thousands of employees, as GNLV knew. They knew that we were looking for additional claimants. In 2004, we first obtained a list of employees and sent out letters to everybody on that list looking for claimants. When we filed our complaint in September of 2006, GNLV knew that we were still looking for additional claimants. We identified five more in March of 2007, and only four months later in July, we requested an updated list from GNLV expressly because we were looking for more claimants. GNLV resisted turning over that list, and in fact, we didn't get it until March of 2008, and we didn't get it until the District Court granted our motion to compel. Only three months after getting this list, which contained almost 3,000 names, we were able to identify the four more claimants, and then discovery did not close until the end of August. Let me ask something. Just because it's additional possible damages, how is that prejudicial if the discovery time is adequate to do everything else? It's not at all, Your Honor. Are there any cases that you know of that say that it is? That it is prejudicial? No. No. I'm not aware of any. Okay. And with respect to the question about parties versus claimants, I will say there are two cases that we have cited in our briefs that recognize a distinction between parties and claimants in exactly this type of situation. Those would be EEOC versus ABM and EEOC versus Valentino, where the deadline on naming parties was held not to apply to deadlines for claimants because claimants were something different. GNOD's other argument, main argument seems to be that the EEOC has somehow abused the discovery process because we were looking for information during discovery that was similar to the type of information that we looked at in our administrative investigation. The fact is that the EEOC is entitled to use discovery just like any other litigant. The question about whether to somehow penalize the EEOC in this case, the relevant question is not about any conduct we may or may not have done or could or could not have done during our investigation. The question is about our conduct during the litigation. Here there was nothing improper about the EEOC's conduct. There was no unfair prejudice or surprise. GNLV had ample time to conduct its depositions. We even offered to extend the time in which they could conduct depositions if they needed that. They, in fact, did actually depose all four of these people and relied on evidence from those depositions before they moved for summary judgment. For these reasons, we would ask the Court to reverse and remand. Did they ever ask for extra time? They did not ask for extra time. And, in fact, their position, even though we had claimants who were available on certain dates and there was no dispute that both parties, I think, were available on those dates, as I understand GNLV's position, they did not want to take any depositions before the end of discovery because they felt that would prejudice any future motions they might make to keep out other claimants. But, in fact, the claimant class is now closed. Discovery has ended. So we are just limited to these ten claimants. Okay. Thank you very much. We'll hear now from GNLV. May it please the Court, I am Richard Sheehy. I'm here on behalf of the casino. Before I start, I want to thank the Court once again and the Commission for postponing this hearing from November. It made things at my house much more bearable. So I certainly appreciate that. The Commission brought this Title VII action against the casino based on allegations of a pattern or practice of race and gender discrimination. The argument was that the casino engaged in a hostile or maintained a hostile work environment. The trial court granted summary judgment and the Commission does not challenge that ruling here. It does not claim that it did not have enough information. It did not, does not claim that it did not have enough time to develop those allegations. And essentially it agrees that those allegations fail as a matter of law after five years of investigation. There are two issues on appeal. The first one is, did the trial court err when it dismissed as moot the claims of the six named claimants when it granted the motion for summary judgment on the pattern or practice claim? And second, did the trial court abuse its discretion when it refused to allow the EEOC to name the four new claimants fewer than 90 days before the discovery cutoff given the history of this case? The first issue, the trial court probably should have ruled on the merits of the claims of the six individual plaintiffs. When the court granted the summary judgment on the pattern or practice claim, it did not deal with the merits of those six individual plaintiffs or claims. This is going to go back for a trial on the individual claims in any event, is that right? I would hate to have my client read an opinion from this Court that its counsel agreed that the Court should remand it. If I were ever had the honor to be on a court of appeals and an honor that was never likely to begin with and is getting less and less likely as time goes on, I might decide that a reasonable result would be to send it back and have the district court issue or review the matter in the first instance. As an advocate, I think the motions have merit and think this Court could rule on those motions on the merits. If that answers Your Honor's question, I'll go on to the second point. I guess what I'm getting at is it looks as if these individual claims are going to get back to the district court. The district court is going to have to deal with them on the merits. Unless this Court agrees to accept my invitation to review the record and, indeed, rule on those motions yourselves, which I think Your Honors are allowed to do because you are allowed to affirm the judgment of the trial court on any ground that is raised in the district court, even if the district court did not rely on those grounds. Having said that, I go back to where I started, which is if I were a judge, I would probably send it back. So they're going to get the individual claims? They're going to get the six individuals, yes. There are, what, four more individual claims that are the subject of adding claimants or not adding claimants to the case? That's correct, Your Honor. And without those four, you've got six claimants, or how many? Six is correct. So the district court would have to deal with ten claimants as opposed to six claimants? That's correct. But understanding that the – it seems to me that the question before this Court is, at the time that the Court was faced with the addition of those four new claimants, did the Court act within its discretion in deciding that it was not going to allow the EEOC to name those claimants at that particular point in time? I see. I am not sure, frankly, I would urge the Court that it would not be fair to adopt a view that, well, the case is going to go back. Since now the Court has got more time, it's okay to go ahead and let the ten people raise a claim rather than the six. I don't think that's the issue before the Court with respect. I think the issue is, did the trial court abuse its discretion? And if the Court decides that the trial court did not abuse its discretion, then it seems to me that we go back and deal with the six named plaintiffs at the very beginning. How long do you think a case would take to try with the six alone, assuming that the Court doesn't grant summary judgment in your favor on a remand? Your Honor, having tried a number of cases, my guess would be probably a couple of weeks, I would think. I don't think it would be any less than that, maybe a little bit more. If there were four more, then it might be three weeks. I would think, because the point was well made by the Court a moment ago, and I think it was Your Honor who said it, it's not just that you have four new witnesses. You've got, it is as if these are all individual and separate claims. Once the pattern of practice allegations went out, this became a case involving six plaintiffs, essentially six plaintiffs, with six individual and different claims. The factual background for each of these claims was different. It is different in terms of the allegations, what were the things that were said, what were the acts that were done. Were you the counsel below? No, Your Honor, I was not. But you know that the counsel below didn't ask for additional time to do discovery. Yes, Your Honor. Was that a strategic decision, waiving their right to additional time? I would not put it solely as a strategic decision, although certainly that is something as a trial lawyer I think all of us would consider. Because there certainly were a number of agreed to extensions of time. There were indeed. But Your Honor, keep in mind, this case from the start of the complaint being filed with the EEOC was five years long. The case had been in litigation for over two years. At some point in time, a client wants to say, enough, I want an end to this. It wasn't just, could the court have given two or three more months, and could the matter have been tried with ten? Well, your client had agreed to a number of those extensions. So to say that they were in a hurry to get this to trial would be a mischaracterization. I don't mean to say that a hurry to get it into trial, because all of us at some point, knowing we had at the very beginning six claimants, that's what we had. The commission had conducted this investigation for three years before then, had contacted hundreds of people, and we thought we were facing claims by six people. And in dealing with those six people, we thought it was appropriate to take this amount of time, because at the same time, we were dealing with the class allegations of a matter of practice. So if they had done the ten from the beginning, you would have had a larger amount of time allocated? I don't think so, but you're talking about two years. Dealing with ten, knowing that you have two years to do it, is a lot different than dealing with four with only 90 days. Can we take judicial notice that a lawyer has always worked in the last three months? I would love to be able to accept that suggestion, Your Honor. I feel that I probably cannot do that. But I will certainly agree that lawyers often tend to find out things later in the case than earlier. But had we known, and counsel mentions, oh, well, they shouldn't have been surprised that there were going to be additional claimants, well, this had gone on for five years. And after five years, there were only six. I think that the casino certainly could have thought that, yes, this was the end, there were only six. But it wasn't just the question about whether there were going to be four additional ones. It was going to be which four out of the 9,000 employees that we had were going to be the additional claimants. We had no idea. The commission had started to investigate. Did they set, did your client set the odds as to which of the four it was going to be? I'm sorry, Your Honor? Did they set odds on which of the four it was going to be? Well, you know, being a casino, I'm thinking four out of 9,000, that seems to be the kind of odds that a casino would make. I hope this, I think this is being recorded. Yeah, it is. It's all on the record, counsel. Be forewarned. But keep in mind that when the complaint was filed in April of 2003, ten months later, the commission asked for a list of dealers. Got 385 names. The four claimants were on that list. There is, and each of these names had contact information. There is no claim here, and there is no evidence that the information for those four claimants was not accurate. In fact, the commission admits, they say, well, 42 or 43 of the letters came back. That means that over 340 of them did not. And what the record is before this court is that the four claimants at issue had been properly designated. The EEOC had their correct contact information back in February of 2004, and then You know, we usually hear these arguments in criminal cases about the delay or the way the prosecutor or the police agency has conducted their investigations, and traditionally it's none of our business. I mean, we can't we can't supervise the EEOC. We have enough trouble supervising each other and ourselves, but just focus on what the prejudice is to your client of those four that couldn't have been eliminated by just extending discovery. In fact, the posture of the case is that there was no objection to discovery being closed, and the history of the case is that both sides had agreed to, on occasion, extend discovery. And despite what it sounds like here, it sounds like both sides worked together very well. And may I address very quickly the first part of your comments, and then I'll come back and answer the question. I am not here on behalf of the casino or as a lawyer to cast dispersion on the Equal Employment Opportunity Commission. I'm not here casting dispersion on the statutory duty that it has as given to it by Congress. And I'm not here to tell you that what the commission does is not important to all of us. But the commission is in the same position as any other litigant. The history of its investigation is important not because this court or some outside party ought to tell the commission how to conduct its investigation, and the commission takes that position. We are allowed to do that free from any interference. The limits and extent of that are for another day. But for purposes here, I agree that it is certainly not my position to tell the EEOC how to do its job in terms of investigation. That is a different question, Your Honor, from whether the commission has conducted its investigation in such a way to result in undue delay in terms of the naming of these new claimants. That to me is a different question. And can the trial court and can this court review the EEOC's investigation for that purpose? And I think the answer to that has to be yes. Otherwise, there are clear separation of powers issues. Which brings to my final question, which is the one I asked the EEOC, do you know of any cases that say that additional damages brought on by these additional claims is the kind of prejudice that goes into the exercise of discretion? I do not know a case that does that. I will. It certainly doesn't change the character of your defense. It changes the focus or it broadens the focus of your defense. But that gets back to there's nothing in the lower court record to indicate that there's any discovery that you wanted to do that wasn't done. Well, because at the point at which we filed the motion to strike, the court granted the motion. So there was no reason to put anything into the record at that point. But we talk about an additional $1.2 million in exposure. Is that a factor, depending on how the trial court and your Honor, being a trial judge, is that the type of thing that a trial judge can at least consider and give it as much weight as he or she wants or not want? And I think the answer to that is yes. And it's not just adding four people to a case that has been going on for two years where all the work has been done, keeping in mind that most of the work, as the Commission points out, was done in connection with the pattern or practice claim. And that the individual claims at that point, we were facing the equivalent of four new lawsuits. Because they are four plaintiffs that we didn't know anything about, that we, I said we didn't know anything about, we didn't know the nature of the claims that those people would raise. The Commission had five years to prepare. We had 90 days. And I go back to, I guess, the standard, which is, is it an abuse of discretion under these facts and under these circumstances, given the deadline for adding new parties? Now, we can argue semantics, whether these were new parties or not, that doesn't control the issue. The truth is, these are people making claims. And is it a factor? The trial court is in the best position to know and to interpret its own docket control order. Under the facts of this case, it just makes no sense to me that there's been an abuse of discretion by the trial judge, given the time that the EEOC had to investigate this claim, and also to move forward in terms of asserting the claims of those four individual plaintiffs. So we would request that the court affirm the judgment of the trial court, or in the alternative, affirm the order striking the four additional claimants, and remand back for an issue on the merits or a hearing on the merits on the claims of the six. Thank you very much. Thank you very much, Mr. Chief. Ms. Coleman, you've got a little less than five minutes. Substantively, it makes absolutely no difference in this case that the EEOC is not appealing the pattern of practice ruling. Pattern or practice claims are not somehow different from other class-type claims that the EEOC brings. The idea of pattern or practice over time has been we now use that term really as a shortcut for our enforcement scheme. When we pursue something under the pattern or practice framework, we're thinking about a two-stage enforcement scheme. First, we prove liability, and then if liability is proved, then we prove damages. And in that kind of a scenario, it is reasonable for the EEOC not to be naming claimants until later, even after the trial has begun on liability. So is your argument that, in essence, if we send this back, the case isn't going to look much different than it would have looked had you proceeded on a theory of pattern or practice discrimination? Well, it will look different procedurally, but not substantively. I'm just asking, maybe I didn't make my question very clear. I'm just asking an ex-trial lawyer's question. What evidence are you going to introduce this time around in the face of the court's ruling saying as a matter of, yeah, that's what I'm talking about. All of the same evidence. It remains relevant to the class claim. It's not true that all of that now gets thrown aside, and it's somehow because we no longer are arguing pattern or practice that that now has become irrelevant. That's not the case at all. Because we're not arguing pattern or practice, that means our class is now closed. It means there will be a unified, a unitary enforcement proceeding as opposed to the two stages. But the substance of the allegations and the evidence of discrimination and retaliation and the reasonableness of the complaint procedure, all of that is exactly the same evidence we would have brought in to a pattern or practice suit. If there are no further questions. Well, I guess the follow-up question that occurs to me, I don't see how you could try the case the same with regard to six as opposed to ten. Because if I understand Mr. Sheehy's argument, if we treat these four new claimants in essence as if they are four new lawsuits, that's a different case than the six lawsuits that you're going to try if we send it back. That adds additional evidence and additional witnesses, and why can't the district court consider that as a factor if our standard of review is abuse of discretion? That is exactly the point, Your Honor, that I'm trying to make by saying that because it's no longer a pattern or practice, the evidence hasn't changed. But you haven't answered my question. Well, we don't agree that it is now ten different lawsuits as opposed to six different lawsuits. It's still one lawsuit. We are saying that there is a hostile environment at GNLV. Are you saying that whether or not we allow the four to go ahead, the evidence is going to be the same, even to the extent that those four would be testifying in support of the other six? That's right. In fact, when the district court excluded them as claimants, the district court expressly said we could still use them as witnesses. So the evidence really would be exactly the same, whether they're included. So we're back to the question of whether the additional damages is equal to prejudice, and neither of you have found a case that says it is? Correct. And because you found a case that said it isn't? No, Your Honor. Okay. However, because it's not unexpected, because from the very beginning of this case, they could have anticipated and did anticipate far more damages than they would be paying out to simply ten individuals. What's your response? Mr. Sheehy was, I think, very polite in the way he put it, but what I understood him to be saying was, you've known about these four since at least February of 2004. Why couldn't you have identified them sooner? I'm glad you asked that. There were some factual misrepresentations, I believe, in the chronology that Mr. Sheehy gave you. It is true that in 2004 we first obtained an employee list containing almost 400 names, and we sent out letters to the people on that list. We do not know from the record who responded and who didn't respond to our letters. So you don't know as you sit here today whether or not the address or contact information for these four originally supplied to the commission in 2004 was true and correct? That's correct. What I do know as I stand here today is that when we got another list in 2008, it was a much bigger list. It had almost 3,000 names. But when we compared the two lists, there were some addresses that had been on the first list or some people who had been on the first list who were also on the second list who now had different addresses, and that included three of these four claimants. We don't know if that means the first time around the addresses were wrong and our letters were mailed out to the wrong place and that's why we didn't get a response or if they moved. As I understand the state of the record, you don't even know if they were contacted the first time around. Well, I know that we tried. I know that we did send out letters to every address that GNLV provided to us. But there's no telling in the record when we first heard from these people that, yes, indeed, they had been harassed. All right. Your time has expired. Thank you. Thank you both very much. The case just argued is submitted.
judges: Thompson, Tallman, Cjj Tarnow (E. Michigan), Dj